Good morning, Your Honors. Michael Houchin on behalf of Petitioner Regina Bozic in the proposed class. Before I get started, I'd just like to reserve about seven minutes of time for rebuttal argument. OK, to keep you around the clock, I'll try to help you. But you're in charge of your own clock. And we'll try. OK, thank you. So may it please the Court, Petitioner Bozic respectfully requests that this Court grant her petition for a writ of mandamus to correct the district court's erroneous transfer order. The district court transferred this action from the Southern District of California to the Eastern District of California, pursuant to the first-to-file rule. However, the district court did not consider whether the Eastern District of California is of any worth. At this stage of the proceedings, how are you prejudiced? At this stage of the proceedings, we believe that we're prejudiced because the Southern Venue, where we believe that this action might have been brought under the 2005 Consent Decree with the Federal Trade Commission. But even if it had stayed in the Southern District, doesn't it seem that the judge would have stayed it, and you'd still be in the same position of having your case stayed? I think that kind of calls for speculation as to what would have happened in the Southern District of California, if the action would have been stayed or not. But the judge said that the first-to-file rule applies, and then had to decide whether that meant to stay it or transfer it. So if transfer was wrong, why wouldn't we just assume that the judge would have stayed it? Well, I think the judge could have stayed it under the first-to-file rule, but Judge Bichon decided not to do that. And my interpretation of her order is that perhaps the claim for declaratory relief are under the Consent Decree that asks to see if plaintiffs and the class members have standing to enforce the Consent Decree. My reading of the order is that she thought that that was perhaps an outlier claim that may still proceed, even if the case was transferred to the Eastern District of California. I realize that we're primarily focusing on the procedure there. But I was puzzled how you felt that your putative class would be entitled to enforce a decree between the Federal Trade Commission and some of the defendants involved here. Aren't your folks incidental beneficiaries and unable to enforce such a decree? Well, we think that under the terms of the Consent Decree that plaintiffs and the proposed class members are intended beneficiaries. And this case is kind of akin to the Nehmer versus US Department of Veterans Affairs, where this court held that a class of veterans had standing to enforce a Consent Decree with the Department of Veterans Affairs. We believe that the same reasoning applies here in this case. And that's your best authority? Nehmer versus US Department of Veterans Affairs. There's also a- Is that a case that was in your brief? Yes, it was, Your Honor. I think I was saying it differently. It's Nehmer. You're saying, OK, got it. Got it. And I can direct you, that's on page two of the reply brief. It's also mentioned throughout the petition. And one thing I'd like to address is the course of action that this court should take if it finds that the transfer order was erroneous. Since this action has been transferred to the Eastern District of California, the Eastern District of California has stayed the case since the action was transferred there. So I would suggest that this court vacate all orders that were issued by the Eastern District of California if it finds that the transfer was indeed clearly erroneous. Counsel, as my colleague has suggested, you're kind of hoisted upon your own petard at this point because we're dealing with the Bauman factors. It's extremely difficult to get rid of this nature. Even if the district court was wrong in the transfer, how do you comply with the factors? How do we have the authority at this point to issue a writ of mandate? Well, no one of the Bauman factors is decisive. Agreed. But which ones do you think you meet? Well, I believe one of the factors is whether the order is clearly erroneous. We think that the first to file rule cannot trump the requirements of 1404A. 1404A is a statute that was enacted by Congress, and it says that transfer can only be made to a venue where the action is violated. I respect that that is your argument, but that's obviously a disputed point, right? I think we're. So isn't your best argument that you are inherently prejudiced by being in a court where you never should have been at any time, any way, shape, or form? You did what we should encourage people to do, which is immediately seek relief because you're in a court that you shouldn't be in. It's not jurisdictional, but it's smacks of similar kinds of concerns. This court, the court you're in, has no business having this case. And if you had delayed until more had happened in the case, your opponent would be saying, oh, you waited too long. You waived your right. So you did what we should encourage people to do, which is move immediately to get back in the right court. And isn't that the strongest argument you have? And I think that's exactly right, Your Honor. I mean, this court has granted mandamus petitions in the past to correct erroneous transfer orders. Pacific Car versus Floundry is a great example of that. I believe this court said that venue issues deal with rights that are too important to be adjudicated until a final judgment on the merits in the case. And that's why we're here today under the petition for a writ of mandamus. Is there any other relief you could seek that would provide you what you're looking for here? I think that the petition is really the best, the only way, really, to get the relief that we're seeking. This court decided not to take up the appeal. As you're aware, petitioner filed both an appeal and the petition. This court decided not to take it up as an appeal and instead directed that an answer be issued to the petition. So we think that, really, the petition is our only form of relief that can be granted here to correct this transfer. Well, there's a stay in the original court. And did you say there's a stay in the Eastern District now? There is a stay in the Eastern District of California. So where does that leave you from your perspective? Well, I believe in the Southern District of California, the case wasn't stayed in its entirety. As I recall, only class certification issues were stayed pending the resolution of the motion to transfer venue. I guess I'm a little bit confused. Because it was transferred, though, now your entire case is stayed, right? Correct. And that occurred recently in early November. The judge in the Eastern District of California stayed the case. And if the stay at some point is lifted, you could seek again at that point to go back to the Southern District, couldn't you? But I believe the petitioner would be prejudiced if we waited for the stay to be lifted. We don't think that the Eastern District is a court that should have had anything to do with this case in the first place. But is your only prejudice this enforcement of the consent decree? We believe that that does impose significant prejudice by having the case in the Eastern District. But so say we disagree. I've been saying nemer, but namer or nemer. If we disagree with you about the implications of that case and think that you cannot enforce the consent decree, then do you have any other argument for prejudice for what the problem is of keeping your case stayed for a while in the Eastern District instead of keeping it stayed in the Southern District? Well, we also think that the convenience factors clearly favors the Southern District of California. The active state court litigation, the Duran case, is pending in San Diego. And that's where we want to be. We think that we would, in fact, suffer prejudice by having the case stayed in the Eastern District of California. Before when I asked would it be stayed in the Southern District, I think you talked about the consent decree. But if we disagree with you about that, we assume, I think, unless you have a different argument, that it would be stayed in the Southern District too. I'm confused about where the prejudice comes from, where the case is stayed. It seems like it's stayed either way. And I'm not sure what the prejudice is. Well, in the event that the stay was lifted, say that the case is stayed, we would want the case to proceed in the Southern District of California if the stay is lifted, not only for the consent decree, because it's also where defendants are headquartered. They previously moved to transfer the Eastern District of California case to the Southern District of California. And that case is stayed as well, the Fernandez case. Counsel, do you want to save any of your time? You said you want seven minutes. You don't have that anymore. But if you want to save it, you're welcome to. I'll allow counsel for the real parties of interest an opportunity to respond. Thank you. Very good. We'll have more questions, I'm sure. Good morning. Good morning, Your Honors.  for the real party in interest. May it please the court. Petitioner Bozic's lawsuit is a copycat class action that duplicates two other putative class actions that have been filed several years ago. And my clients shouldn't have to litigate this later filed duplicative action merely because Bozic's lawyers want a piece of the attorney's fees pie. That's what this is really about. The only difference. Well, what does that have to do with the issue before us? The issue, the main issue before us, is that this case should never have been transferred. The case under the law, one might argue, clearly, unquestionably, belongs in a different district. I respectfully disagree, Your Honor. On what ground? The claims, the class, the alleged class in all three of the actions that were filed are basically the same in overlap. Judge Bichon specifically. Don't we look at the named plaintiffs and not the class? The named plaintiff here is in Pennsylvania. What is the connection to the Eastern District of California? Your Honor, I believe as Judge Bichon said, and she cited the Ross decision from the Northern District of California, that for 1404 purposes, which is what the petitioner here is claiming should be applied, you analyze the suit in terms of the class, not the class representative or the class counsel. So what if we think that's wrong? Well, I suppose then you would have to make your decision on that basis. Is there any connection between this case and the Eastern District of California if you're looking at the defendants and the named plaintiffs? If you're looking at the class representative, I would argue that that class representative is included within the class. OK, but let's talk about the class representative then. What is her connection to the Eastern District of California? No more and no less than it is to the Southern District of California, because she's a defendant. But the defendants are in the Southern District of California, right? The defendants sell their product throughout the country. So for venue purposes, they may be deemed to be present everywhere. Do you, are you saying that they have enough contacts with the Eastern District that there's specific jurisdiction in the Eastern District out of their actions for this case? We claimed not, but Judge England in the Eastern District disagreed. And the case in there. But that's because in that case, there was a purchase in the Eastern District. You don't have that in this case, do you? It purchased from the named class member, the named class plaintiff. If you want to parse it like that, Your Honor, yes, that's correct. But if you want to see the forest for the trees, the class representative in this case, Bozek, who is located in Pennsylvania, who made a purchase presumably in Pennsylvania, is a member of the class alleged in the case in the Eastern District of California. And indeed, is it? Do you have any case that, other than this Northern District case, that stands for the proposition that if any class member, if a putative class, lives in some district, that's enough of a connection for filing the case there? That and Judge Bichon's order. So there are two pieces. So do I understand that if you bring a class action, it's not yet been certified as a class action. You just say in your complaint it's a class action. And it's against a company that sells its products nationally. The judge can transfer it to anywhere. Transfer it to Alaska. Transfer it to Hawaii. It doesn't matter. Any old venue fits the federal law. Is that your position? No, it's not, Your Honor. The first filed action does go through the 1404 forum non-convenience analysis, which is when First filed is a judge-made rule of convenience. But how does that trump the statute? It is a judge-made doctrine of convenience that is derived from the statute. So they're not separate. But the statute says you can only transfer to a district in which the action could have been filed. And I have not heard an argument yet from you about why this could have been filed in the first instance in the Eastern District. This could have been filed in the Eastern District and was filed in the Eastern District because with the exception of the claim to enforce the FTC consent decree, which this plaintiff does not have standing to raise, the claims are the same. But they're not because the case that was filed in the Eastern District had a plaintiff from the Eastern District who purchased in the Eastern District. And this case doesn't. This case, the plaintiff is in Pennsylvania. With respect, Your Honor, I think that confuses the substantive claims with the name class representative. The substantive claims are the same. The class representative is different, even though the class representative is different. I agree with you about that. But we still have to figure out venue for each case separately, don't we? What's the rule that says we don't have to look at each case separately for purposes of venue? You do. And the rule also says that where there is a first filed action, you can send the case to the venue where the first filed action was filed. And you don't have to go to the court to enforce it. Well, as Judge Rakoff was saying, that part is not in the statute, 1404, right? That part is judge created. And 1404 says you can't transfer unless it could have been filed there in the first instance. And the court decisions say you don't do the 1404 analysis for the second filed action. You only do it in the first filed action. Is there an appellate decision that says that? Off the top of my head, Your Honor, I, let's see. There isn't one, is there? Well, there may be. That's always possible. Counsel, why did you move to transfer this case to the Eastern District? What was the bottom line reason? The bottom line is that we're having to, my client is having to deal with not two, but three separate class actions with all the same claims. And frankly, I realize Judge Rakoff took issue with this, but what's really going on underneath is that it's a fight between plaintiff's class action lawyers over who gets a claim to address this. That may well be, but I don't see the legal relevance of that to any of the questions presented. The legal relevance, Your Honor, is that my client should have to deal with these claims in one forum, with one class, in one action. And it's prejudicial to have to face three separate ones. What I think was missing in the presentation of the underlying facts in my colleague's presentation. So on your argument, if a case was filed in state court that could not be removed to federal court, and another case, same allegations were filed in federal court, under your theory, even though no law would allow those two to be combined, you said they can be combined because it's convenient. That's not the law. They're not combined because it's convenient, but what may happen, and what did happen in this case, is that the federal district court, in this case, Judge Englund, said, hey, you're litigating exactly the same claims in state court, under state law. I am going to stay this federal court action pending. What happens in state court? And Judge Englund, in the Eastern District, directed us to file status reports, I believe it's every 60 days, as to what's going on in the San Diego state court action. And in fact, we filed a four-page status report just three days ago. I have a copy with me. Since the Southern District, if I recall correctly, has also stated this, why didn't you move in the Eastern District to transfer that case to the Southern District, and everything would all be right there together? It's because there was too much water under the dam. I thought we had a shortage of water. Except today. What happened, Your Honor, is that Judge Bichont, in federal court, in the Southern District of California, said, I am going to transfer your action to the Eastern District of California. She didn't stay the action. She transferred it. But that's because you asked her to. You could have just asked her to stay it, waiting for the state court action, and then you wouldn't have been litigating. You would have just been sitting there. That's correct. But we presumably then would have been called upon to make status reports to two courts instead of one, because I can't imagine that Judge Bichont would have just stated and then forgotten about it. You're required to make status reports. So you send copies to both? That's not so onerous? Yeah, you could.  How much your law firm billed for that, too? I'm sure we would not be abusive, Your Honor. I'm sure we'd never do that. Ha, ha, ha. And then, so Judge Bichont did not stay the action. She transferred. And therefore, it was subject to Judge Englund in the Eastern District. It's Judge Englund who has stayed those actions, subject to what's going on in San Diego Superior Court with State Court Judge Meyer. And we're required to, and we have, been filing status reports every 60 days with what's going on. The net result, in practical terms, is the correct one on the merits and as a matter of equity, is that my client is having to answer the same sets of claims one time, and one time only. And that's correct. That's the right result. What we do, counsel, let's just say hypothetically that the petitioner in this case doesn't meet the Bauman requirements. That would mean that you would be in a district which, as my colleague noted, you would have no basis for filing it there. There's no venue. What's the result of that? Doesn't that kind of create a little bit of a legal problem for all concerned? Your Honor, forgive me, it doesn't take much, but I got a little bit lost there. Could you restate that? Okay, what I'm saying is they're seeking a mandate. Correct. They have to satisfy the Bauman factors. If we don't think they have, and you win, then the case is in the Eastern District, right? Right. But it's been stayed there, is that right? Yes. Okay, so as people have commented on the panel here, there's no venue for this action based upon the putative plaintiff, the named plaintiff in the Eastern District, is there? Okay, two responses, Your Honor. First of all, I respectfully disagree that there's no venue there. I would argue that this class representative is a member of the class in the Eastern District. We ask you for some authoritative case law on that. You have not provided it. I'm not aware of any. It's the named plaintiff in this case until you have a class. And that plaintiff is in, we think, Pennsylvania, bought the product in Pennsylvania. How does that end up being in the Eastern District of California? Why is that a proper venue? With respect, Your Honor, I did provide some authority. That's the Ross case from the Northern District. Obviously, it's not a finding. But that's a district court case, all the respect to the district court. But we don't have authoritative appellate binding precedent, right? That is correct, Your Honor. Okay. Okay. So what do we do? We got, if they don't get their writ, it sits in a district that doesn't have venue. So what do we do? We respond then to the petitioner, your claims, the very claims you are raising that have now been transferred to the Eastern District of California are being actively heard and litigated in the Superior Court of San Diego. And so you're not being denied a right. And by the way, if for some reason, the disposition of those claims in the Superior Court of San Diego winds up being defective or inadequate or otherwise not to your liking, at that point, you can go to the Eastern District of California and say, here's the problem, fix it. The only claim. But to follow up on Judge Smith's question, so supposing at that point, the stay is lifted to address those issues. And the decision is being made by a court who assume, contrary to your arguments, should not be hearing the case. So we have created then, have we not, a situation where we know right now, under my hypothesis, that that judge should not be deciding anything in the case. But we allow the case to sit there and eventually be the subject of proceedings before that judge that are null and void. Why should we allow that to happen? Putting to the side the respectful disagreement I have with the court, that it's determined solely by the class representative, there is no prejudice because assuming for the sake of discussion that the case before this court were not transferred to the Eastern District of California, instead stayed in the Southern District of California, presumably Judge Bichon would have made precisely the same analysis that Judge England made and said, I stay this case pending disposition in the Superior Court of San Diego. The practical result would be exactly the same. So let's get back to the hypo where the state court decides something that we think doesn't have preclusive effect on the federal actions. And now the stay gets lifted in the federal actions to figure out what to do. Could your opponent at that point file again to transfer back to the Southern District or file a new mandamus action? I think my question is whether if we don't give mandamus now is that gonna end this issue going forward or could it come up again at that point? Theoretically, I think it could come up at that point which leads to the, I think, insightful issue. Why should this court spend time, money and effort resolving this theoretical issue now when it might come up again years down the line but only in the context of when it matters. Right now it doesn't matter because the claims are being heard in San Diego which is precisely where the plaintiff wants them to be heard. Do either of my colleagues have additional questions? Thank you, counsel for your presentation. You have some rebuttal time, counsel. Thank you. Thank you, your honors. Going back to an earlier question about the prejudice that a petitioner would suffer if this case is stayed. Perhaps I wasn't clear on that issue earlier but part of the prejudice is that we don't think that the rights of the class members are being adequately represented in the state court proceedings. The Court of Appeal for the Fourth Appellate District in California already overturned a class action settlement in the state court proceedings basically saying that the monetary relief was inadequate and the injunctive relief was inadequate partly because of the FTC consent decree. The defendants are already enjoined for making certain claims about this weight loss supplement product and the Court of Appeal said the injunctive relief just wouldn't be adequate there because they're already enjoined from doing it. And another point I'd like to make. So why isn't that evidence that the state courts are taking care of this? And if things are unfair, they'll fix it. Well, another point I'd like to make is under the Colorado River Doctrine, federal courts have the virtually unflagging obligation to assert the jurisdiction that's been given to them. So you mentioned Colorado River in your brief but I didn't see a real analysis of why you met the factors for having the federal court proceed with this action despite the state court action. You kind of mentioned it but didn't make an argument. Is that a characterization fair? Well, we believe that there are different claims at issue. We don't think that this is all that substantially similar and that our claim for declaratory relief is a claim that's not being asserted in the other action. And not only that, but under the UCL, we're challenging under the unlawful prong of the UCL, we're saying that because defendants have allegedly violated this consent decree, that would give rise to a cause of action under state law independent of the consent decree. So if we disagree with you about the consent decree enforcement, again though, this is something we discussed earlier, then do you have any other argument on that? On why the federal court should be proceeding when there's a state court action going on? Well, we think that under the UCL, it'll still involve the interpretation of the consent decree, whether or not there is standing to enforce the consent decree. We still think that there's a viable state law UCL claim there. And I think that- And you think that's better litigated in federal court than in state court? Well, we think that there's concurrent jurisdiction and really under the Colorado River Doctrine, federal courts are supposed to assert the jurisdiction given to them. And we also think that this case is also- Well, counsel, with respect, I just decided a case involving Montana mining claim involving Colorado River, where people went to the federal court because they didn't like the state court. And we did invoke the Colorado River Doctrine, but not for the reason you'd like. We sent it to the state court, which had the initial action and the state court was perfectly capable of taking care of everything. In this case, you're on the wrong side of that, because as my colleague pointed out, the state court seemed to be perfectly capable by handling this action. Why should we interfere with that? As I said before, we're concerned about whether the state court is adequately protecting the interests of the class member. Well, that's all in the eye of the litigant, is it not? I mean, if you were on the other side, you'd think they're doing a great job. I suppose so, Your Honor. And they reversed. I mean, I just don't see why you have a basis for that at this point. You maybe don't like the lawyers who are litigating it, but the state court reversed and said, try again, because we don't think this is okay. So that's evidence that they're actually protecting you, aren't they? Well, going back to the Court of Appeal decision, they said that the injunctive relief is inadequate in that case, because they're already enjoined for making these weight loss claims. And that's why we think that this action should be heard in the same court that issued the 2005 consent decree. But bottom line is, and I think we've all discussed here, that the reality is there's a problem in the Eastern District, which you agree. Everything stayed. It's in the state court. The state court is processing this in a seemingly inappropriate manner. It's primarily a state, certainly a concurrent claim. Whether or not you have any benefit of this Federal Trade Commission decision is something the state court's perfectly prepared and able to decide. I just, I struggle with why you're prejudiced, the same question that my colleague has. And we think that the prejudice is just inherently being in a venue where the action just simply doesn't belong. But it's in San Diego. I mean, it's in the state court in San Diego. What's the matter with that? Well, our action's in the Eastern District. I understand that, I understand that. But what I'm saying is, you said at the beginning the headquarters of the company is there, everybody's there, and you didn't want it in the Eastern District. So why are you complaining? Again, we don't think that the state court is really adequately protecting the interests of the class. Okay, any other questions by my colleague? Thanks to both counsel for your arguments. The case just argued is submitted.
judges: M. Smith, Friedland, Rakoff